UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
AUDREY GORE,
CHRISTINE SMITH-SHICK,
and CHRISTOPHER PROFIT,

               Plaintiffs,

-against-

CITY OF NEW YORK,
KIRK FERNANDES, and
JOHN and JANE DOES 1-5,

               Defendants.
----------------------------------------X

**COMPLAINT**

**PLAINTIFFS DEMAND A TRIAL BY JURY**

SUMMONS ISSUED
MAUSKOPF, J.
REYES, M.J
CV 12 6297

Plaintiffs Audrey Gore, Christine Smith-Shick, and Christopher Profit, by their attorneys, Reibman & Weiner, as for their complaint against the defendants, allege, upon information and belief, as follows:

### PARTIES, JURISDICTION and VENUE

1. At all relevant times herein, plaintiff Audrey Gore was a female resident of Kings County, within the City and State of New York.

2. At all relevant times herein, plaintiff Christine Smith-Shick was a female resident of Kings County, within the City and State of New York.

3. At all relevant times herein, plaintiff Christopher Profit was a male resident of the County of Kings, within the City and State of New York.

4. At all relevant times herein, defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the

State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD") and its employees.

5. At all relevant times hereinafter mentioned, defendant Kirk Fernandes, Registry No. 934850, was employed by the City of New York as a member of the NYPD and assigned to Narcotics Bureau Brooklyn North ("NBBN"). Fernandes is being sued in both his official and individual capacities.

6. Upon information and belief, defendants John and Does 1 through 5 were at all relevant times herein employed by the City of New York as members of the NYPD, and are sued in both their official and individual capacities.

7. Upon information and belief, at all relevant times herein each of the individual defendants, including the Doe defendants, were state actors acting in the course of their employment with the NYPD under color of law.

8. Original jurisdiction of this Court is founded upon 28 U.S.C. §§ 1331, *et seq.*, and 42 U.S.C. §§ 1981 and 1983. The Court has jurisdiction over the state claims under the legal principles of supplemental jurisdiction.

9. Venue is properly laid in this District pursuant to 28 U.S.C. §1391, *et seq.*, because all of the events complained of herein occurred within the Eastern District of New York, and because it is the district of residence for the majority of the plaintiffs.

10. A Notice of Claim was timely served by plaintiff Audrey Gore upon the defendant City of New York.

11. At least thirty days have passed since plaintiff's service of her Notice of Claim, and adjustment and payment thereof has been neglected or refused by the City of New York.

12. Plaintiff Gore has complied with all of obligations, requirements and conditions precedent to commencing an action against New York City under New York law.

## FACTUAL ALLEGATIONS

13. On October 28, 2011, at or between 9:30 and 10:00 p.m., the plaintiffs were lawfully assembled inside 657 Saint Johns Place in Kings County in the City and State of New York (the "Premises").

14. On October 28, 2011, plaintiffs were present at the Premises as invited guests for the purpose of attending a birthday party.

15. On October 28, 2011, at or about 9:45 p.m., Fernandes and other members of the NBBD, including the Doe defendants, physically forced their way into the Premises.

16. The defendants, while inside the Premises, seized each of the plaintiffs at gunpoint, forced them to the floor, and then handcuffed and placed them under arrest.

17. None of the plaintiffs were in possession of narcotics or weapons, nor had any of the plaintiffs been observed engaging in any illegal activity or any other conduct that would reasonably support a belief that the plaintiffs constructively possessed narcotics or weapons.

18. At no time did the defendants have adequate legal cause to detain, seize or arrest plaintiffs, nor could defendants have reasonably believed that such cause existed.

19. The plaintiffs were detained at the Premises for a period of time and then transported to a local area NYPD station house for processing. While at the station house, the plaintiffs were fingerprinted and photographed.

20. Many hours later, plaintiffs Gore and Smith-Shick were each issued Desk Appearance Tickets alleging that the plaintiffs had violated New York Penal Law §220.03, which is a narcotics possession charge.

21. Plaintiff Profit was transported to Kings County Central Booking, where he was held for an additional period of many hours before he was arraigned and charged with seven different narcotics charges, ranging from a B Felony to a non-criminal violation.

22. Each of the charging documents contained factual allegations by the defendants in which Fernandes falsely claimed that the plaintiffs possessed narcotics. These allegations were factually false and Fernandes knew them to be false at the time that he made them.

23. Fernandes completed various arrest paperwork for each of the three plaintiffs and communicated these false factual allegations to the office of the Kings County District Attorney ("KCDA") for the purpose of persuading the KCDA to initiate criminal prosecutions of the three plaintiffs.

24. As a direct and proximate result of the defendants' unlawful arrest of and fabrication of evidence against plaintiffs, each of the plaintiffs was subjected to criminal prosecution in Kings County Criminal Court.

25. The plaintiffs each had to return to criminal court on multiple occasions in order to avoid the issuance of a warrant.

26. On January 9, 2012, the court dismissed the charges against plaintiff Gore, thus favorably terminating the criminal prosecution.

27. On January 9, 2012, the court adjourned the charges in contemplation of dismissal against plaintiff Smith-Shick, and the charges were dismissed on July 6, 2012.

28. On October 24, 2012, the court dismissed the charges against plaintiff Profit, thus favorably terminating the criminal prosecution.

29. At all times relevant herein, each of the defendants, including all of the John Doe defendants, were acting within the scope of their employment with the NYPD and the City of New York, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

**FIRST CAUSE OF ACTION**

30. Plaintiffs repeat and reallege each and every allegation of paragraphs "1" through "29" of the complaint as if incorporated and reiterated herein.

31. Defendants Fernandes and the Doe defendants, willfully and intentionally seized, searched and arrested plaintiffs without cause, and without a reasonable

5

basis to believe such cause existed, and fabricated evidence and maliciously caused plaintiffs to be criminally prosecuted.

32. In addition, the Doe defendants were aware that the defendants lacked probable cause for the arrest and prosecution of the plaintiffs yet they failed to take reasonable steps to intervene in defendant Fernandes' willful violation of plaintiffs' constitutional rights.

33. In so doing, the defendants violated plaintiffs' rights under the Fourth, Sixth and Fourteenth Amendments of the United States Constitution.

34. By reason thereof, defendants have violated 42 U.S.C. § 1983 and caused each of the plaintiffs to be deprived of his or her federal constitutional rights, and to suffer loss of liberty, humiliation and embarrassment, emotional and physical suffering, and mental anguish.

## SECOND CAUSE OF ACTION

35. Plaintiffs repeat and reallege each and every allegation of paragraphs "1" through "34" of the complaint as if incorporated and reiterated herein.

36. The defendants' actions in this matter were carried out in accordance with an existing plan or policy created or otherwise condoned by the municipal defendant designed to increase the number of arrests made without regard to probable cause.

37. More precisely, under this policy or plan, officers within the Narcotics Bureau, including the individual defendants, would secure warrants to search social clubs,

6

apartments, and other locations, and, if any contraband was found, routinely arrest all persons found therein, regardless of whether there was any factual basis for the charges. The arresting officer(s) would then make false statements of fact as to seeing narcotics in plain view or otherwise in the possession of each of the persons arrested.

38. The purpose of this policy or plan was to generate large numbers of arrests to help the NYPD create a false impression of positive activity by their officers.

39. In addition, members of the Narcotics Bureau are evaluated, at least in part, on the basis of their "activity" which is measured by the number of arrests made, search warrants secured, and other, similar criteria. Thus, members of the Narcotics Bureau routinely make arrests and engage in other police activity without sufficient legal cause in order to raise their levels of "activity" and improve the perception of their job performance.

40. The policy or plan was kept in effect from, at least, 2006 through, at least, the date of plaintiff's arrest, despite the municipal defendant's knowledge that the individuals arrested were not being charged or that there was insufficient evidence to justify the arrests or that the arresting officers were seeking to bolster the arrests with false allegations, and that the prosecuting offices often had found insufficient cause to justify the imposition of charges or continued prosecution if charges were filed.

41. In October 2011, following a bench trial in New York State Supreme Court, Kings County, under indictment number 06314-2008, former NYPD narcotics officer Jason Arbeeny was convicted of planting drugs on two individuals and falsifying arrest reports. Before issuing a verdict of guilty, the trial judge scolded the NYPD for what he

described as a "widespread culture of corruption endemic in its drug units." The judge further stated that the testimony demonstrated that the NYPD narcotics divisions maintain a "cowboy culture" and that he was "shocked, not only by the seeming pervasive scope of misconduct but even more distressingly by the seeming casualness by which such conduct is employed."

42. That at all times relevant herein, the defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

43. Defendant City of New York created, approved or condoned the practice and policy, as carried out by the Narcotics Bureau, of making wholesale arrests without probable cause in order to create false or misleading arrest numbers.

44. By reason thereof, the municipal defendant has violated 42 U.S.C. § 1983 and caused each of the plaintiffs to be deprived of his or her federal constitutional rights, and to suffer loss of liberty, humiliation and embarrassment, emotional and physical suffering, and mental anguish.

### THIRD CAUSE OF ACTION

45. Pursuant to Rule 10(c), plaintiffs repeat and reallege each and every allegation of paragraphs "1" through "57" of the complaint as if incorporated and reiterated herein.

8

46. Plaintiffs were intentionally, willfully, maliciously and/or with reckless disregard, seized, arrested, and maliciously prosecuted.

47. At no time did defendants have probable cause, legal justification, authority, or any legal basis for seizing, arresting, detaining and searching plaintiffs, and said detention, of which each plaintiff was conscious, was unlawful.

48. Regardless of whether defendants had a lawful basis to briefly detain plaintiffs at the time of their arrest (which defendants had absolutely no right to do), at no time prior to or during the unlawful detention did defendants have sufficient legal cause, justification or any legal basis to continue to detain plaintiffs beyond an initial inquiry, and said detention and searches were unlawful.

49. Defendants are liable for falsely arresting, imprisoning, and maliciously prosecuting plaintiffs, or otherwise fabricating evidence against the plaintiffs in order to support their criminal prosecutions.

50. By reason thereof, defendants have caused each of the plaintiffs to be deprived of his or her federal constitutional rights, and to suffer loss of liberty, humiliation and embarrassment, emotional and physical suffering, and mental anguish.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, the plaintiffs hereby demand a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiffs demand judgment against the defendants jointly and severally as follows:

  i.   on the first and third causes of action, actual and punitive damages in an amount to be determined at trial;

  ii.  on the second cause of action actual damages in an amount to be determined at trial;

  iii. statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, as well as disbursements, and costs of this action; and

  iv.  such other relief as the Court deems just and proper.

Dated:  Brooklyn, New York
        December 17, 2012

                                        REIBMAN & WEINER

                                        By: _____
                                        Michael Lumer, Esq. (ML-1947)
                                        Attorneys for Plaintiffs
                                        26 Court Street, Suite 1808
                                        Brooklyn, New York 11242
                                        (718) 522-1743